IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRANCH BANKING AND TRUST COMPANY,** | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) CIVIL ACTION NO. 10-0518-KD-N ) |
| **R & T RENTALS, LLC, et al.,** | ) ) |
| **Defendants.** | ) |

**ORDER**

This action is before the Court on the order to show cause why this action against defendant C. Thurmon Bell should not be dismissed without prejudice (doc. 70) and the response filed by plaintiff Branch Banking and Trust Company (doc. 71). In the response, BBT states that it has no objection to dismissal of Bell without prejudice and consents to an order of dismissal. Upon consideration, and for the reasons set forth herein, the stay of this action is lifted and this action is **dismissed without prejudice** as to Bell. The Clerk of the Court is directed to close this action.

Previously, this action was stayed as to Bell upon notice of his Chapter 11 bankruptcy action (doc. 53). BBT has not moved to lift the automatic stay in order to pursue this action against Bell. According to Bell's most recent status report, his bankruptcy action is still pending (doc. 65). In response to this Court's order to show cause, BBT states that it has no objection to dismissal without prejudice of this action against Bell. Therefore, the Court will construe the response as a notice of voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.[1]

---

[1] " (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." (Continued)

Although the automatic stay has issued, "courts retain jurisdiction 'to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay.'" *Robert v. Bell Helicopter Textron, Inc.,* 2002 WL 1268030, 2 (N.D. Tex. May 31, 2002) (quoting *Picco v. Global Marine Drilling Co.,* 900 F.2d 846, 850 (5th Cir. 1990)).  The automatic stay, in relevant part, operates to stay the continuation of judicial proceeding against the debtor. 11 U.S.C. § 362(a)(1). Also, the automatic stay serves two primary purposes: To relieve the debtor from the financial expense of litigation during the bankruptcy proceedings and to protect creditors by preserving the debtor's estate. *Carver v. Carver*, 954 F.2d 1573, 1576 (11th Cir.1992).

However, "courts have held that the automatic stay does not prevent a court from dismissing a case against the debtor on the motion of the plaintiff pursuant to rule 41(a) of the Federal Rules of Civil Procedure", so long as the dismissal is not inconsistent with the purpose of the automatic stay.  *Settles v. Commissioner of Internal Revenue*, 138 T.C., No. 19, 2012 WL 1605350, *3 (U.S. Tax Ct. May 8, 2012) (citing *Arnold v. Garlock Inc.*, 288 F.3d 234 (5th Cir.2002); *Slay v. Living Ctrs. E., Inc.*, 249 B.R. 807 ( S.D.Ala. 2000)[2]; *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F.Supp. 226 (S.D.N.Y. 1994)).[3]

---

Fed. R. Civ. P. 41(a)(2).

[2] In *Slay*, the district court found that a voluntary dismissal under Rule 41(a)(1)(i) does not violate the automatic stay and that "the purposes of the Bankruptcy Code [a]re in no way infringed by the dismissal by a plaintiff of a case against the bankrupt without any additional cost or risk to the bankrupt or its creditors.") (quoting *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F. Supp. 226, 228 (S.D.N.Y. 1994)) (brackets in original).

[3] *See also Independent Union of Flight Attendants v. Pan American World Airways, Inc.,* 966 F.2d 457, 459 (9th Cir. 1992) (finding automatic stay did not preclude disposing of a motion to dismiss a bankruptcy appeal); *Dennis v. A.H. Robins Co., Inc.*, 860 F.2d 871, 872 (8th Cir. 1988) (holding that the § 362(a) stay does not "preclude another court from dismissing a case on
(Continued)

Because dismissal of this action would relieve Bell from the expense of litigation and preserve to all creditors any assets which would be subject to a potential recovery in this action, dismissal of this litigation against Bell is not inconsistent with the purposes of the automatic stay. Accordingly, this action is **DISMISSED without prejudice** as to Bell.

**DONE** and **ORDERED** this 30th day of July, 2012.

 s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

its docket or ... affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay."); *Gallagher v. Sports Publishing, LLC*, 2009 WL 294400 (C.D. Ill. February 4, 2009) ("A Rule 41 dismissal does not violate the automatic stay because the purposes of the Bankruptcy Code are in no way infringed by dismissal of the action against the bankrupt party without any additional cost or risk to the bankruptcy party or its creditors") (citations omitted).